UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA PIZARRO, AS ADMINISTRATOR OF THE ESTATE OF DARUIS M. PIZARRO,<br><br>Plaintiff,<br><br>-v-<br><br>WESTCHESTER COUNTY; WELLPATH LLC; NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES, P.C.; DR. JEROME NORTON; and HELENE BISHOP, R.N.,<br><br>Defendants. | 24 Civ. 331 (KMK) (JCM)<br><br>**PRIVACY ACT ORDER AND PROTECTIVE ORDER** |

WHEREAS, Plaintiff Liza Pizarro, as Administrator of the Estate of Daruis M. Pizarro ("Plaintiff"), brought this action against Westchester County; Wellpath LLC; New York Correct Care Solutions Medical Services, P.C.; Dr. Jerome Norton; and Helene Bishop, R.N. (collectively, "Defendants");

WHEREAS, the U.S. Department of Justice ("DOJ") and its components are not parties to this action;

WHEREAS, on April 22, 2024, Plaintiff sent a request pursuant to DOJ's *Touhy* regulations[1] and an accompanying subpoena to the U.S. Marshals Service ("USMS"), a component of DOJ, seeking certain documents in connection with the allegations in the complaint;

WHEREAS, certain documents and information sought by Plaintiff in the request may include documents in the possession of the United States of America ("United States") that are maintained in a government system of records subject to the Privacy Act of 1974, 5 U.S.C.

---

[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 28 C.F.R. §§ 16.21 to 16.29.

§ 552a (the "Privacy Act"), or otherwise contain sensitive or confidential information, including documents and information relating to sensitive law enforcement materials, investigative techniques, or other confidential information; and

WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the United States, Plaintiff, and Defendants, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the parties or by any nonparty agencies, departments, or offices of the United States in the course of discovery proceedings;

The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order ("Order"), HEREBY ORDERS:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States, on behalf of DOJ and its components, including USMS, to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, including

2

applicable regulations and guidance issued by the U.S. Department of Health and Human Services, including 42 C.F.R. Part 2 and 45 C.F.R. § 164.512(e), as well as all state laws and regulations regarding the privacy and security of personal information. It is the intent of the signatories hereto that this Order be deemed a "qualified protective order" under HIPAA, as set forth in 42 C.F.R. § 164.512(e). Documents, records, and/or information do not constitute Protected Information under this Order solely on the basis that they include Daruis Pizarro's medical records or health information that would otherwise by protected by HIPAA, as the Administrator of the Estate of Daruis Pizarro has authorized the release of Daruis Pizarro's medical records or health information pursuant to HIPAA.

3. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act.

4. If Plaintiff, Defendants, the United States, or any other nonparty that produces information in connection with this action (referred to herein as a "producing party") deems information produced in connection with this action to be Protected Information, such information shall be designated as such by stamping the phrase "Confidential – Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

5. Any party or nonparty receiving information produced in connection with this action (referred to herein as a "receiving party") who contests the designation of a document or record as Protected Information shall provide the producing party written notice of its challenge and make a good faith effort to resolve such dispute by conferring with the producing party. If

the receiving and producing parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the Individual Practices in Civil Cases of the Court, and/or any court orders for addressing discovery disputes. All documents initially designated as Protected Information shall be treated as Protected Information in accordance with this Order until such time as the Court may rule otherwise. Failure to challenge a designation immediately does not waive a receiving party's ability to bring a later challenge.

6. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

7. Any document or record designated as Protected Information shall not be used, disclosed, or made available in any form to any person except the following Qualified Persons:

   i. The United States, attorneys for the United States, and any support staff or other employees of the United States or attorneys of record for the United States;

   ii. Plaintiff, the attorneys of record in this action for Plaintiff, and any support staff or other employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the litigation of this action;

   iii. Defendants, the attorneys of record in this action for the Defendants, and any support staff or other employees of the Defendants or attorneys of record of the Defendants who are assisting in the litigation of this action;

   iv. Witnesses who are deposed in this action, to the extent the witnesses'

testimony may relate to documents designated as Protected Information;

      v.    Experts or consultants retained by an attorney of record in this action for the purpose of litigating this action, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action, provided that such persons provide an acknowledgement of their agreement to comply with this Order as set forth below;

      vi.    Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony; and

      vii.    Such other persons as hereafter may be authorized by the Court upon appropriate motion.

8. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, before the time of disclosure, by the receiving party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made. Additionally, before Protected Information may be provided to an expert, consultant, or other person identified in subparagraph 7(v), above, the such person shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

9. All Qualified Persons, including receiving parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

11. If any receiving party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing party no less than ten days' advance written notice of its intent to file such material. The producing party may then make an application to the Court requesting that the material be filed and kept under seal. All requests to file material under seal shall follow the requirements of the Court's Individual Practices. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. The producing and receiving parties will use their best efforts to minimize the need to file documents under seal.

12. Nothing in this Order shall preclude any disclosure of Protected Information to any judge or employee of the Court for purposes of this action.

13. Nothing contained in this Order shall be construed to prejudice any receiving party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

14. If counsel for any receiving party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity

6

not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

15. Within 30 days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the receiving or producing parties, shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the receiving party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

16. If a producing party inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any

documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall: return or destroy the improperly designated materials, inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, make reasonable efforts to retrieve such documents and materials to prevent further disclosure, and certify in writing to the producing party that such materials have been returned or destroyed.

17. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

18. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, producing party, or receiving party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

19. Nothing in this Order shall affect the right of any party, producing party, or receiving party to seek additional protection against the disclosure of any documents or materials, or of such parties to seek additional disclosures.

20. Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

21. Nothing in this Order shall prevent any disclosure of Protected Information by the producing party or entity that designated the information as such.

Dated: May 21, 2024

                                                      DAMIAN WILLIAMS  
                                                      United States Attorney for the  
                                                      Southern District of New York  
                                                      *Attorney for the United States of America*

                                    By:   _____  
                                                      SAMUEL DOLINGER  
                                                     Assistant United States Attorney  
                                                     86 Chambers Street, 3rd Floor  
                                                     New York, New York 10007  
                                                     Tel.: (212) 637-2677  
                                                     samuel.dolinger@usdoj.gov

Dated: May 21, 2024

                                                    EMERY CELLI BRINCKERHOFF  
                                                    ABADY WARD & MAAZEL LLP  
                                                    *Attorneys for Plaintiff*

                                  By:   _____  
                                                   Katherine Rosenfeld, Esq.  
                                                   Ariadne M. Ellsworth, Esq.  
                                                   600 Fifth Avenue, 10th Floor  
                                                   New York, New York 10020

Dated: May 21, 2024

                                                    BARCLAY DAMON LLP  
                                                    *Attorneys for Defendants*

                                  By:   _____  
                                                   Paul A. Sanders, Esq.  
                                                   2000 HSBC Plaza, 20th Floor  
                                                   Rochester, New York 14604  
                                                   psanders@barclaydamon.com

SO ORDERED:

_____  
HON. JUDITH C. McCARTHY  
United States Magistrate Judge

Dated:   May 23, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA PIZARRO, AS ADMINISTRATOR OF THE ESTATE OF DARUIS M. PIZARRO,<br><br>Plaintiff,<br><br>-v-<br><br>WESTCHESTER COUNTY; WELLPATH LLC; NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES, P.C.; DR. JEROME NORTON; and HELENE BISHOP, R.N.,<br><br>Defendants. | 24 Civ. 331 (KMK) (JCM) |

## **ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Pizarro v. Westchester County et al.*, No. 24 Civ. 331 (KMK (JCM), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____