

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, NY 10007*

December 4, 2025

**By ECF**
Hon. Kenneth M. Karas
U.S. District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Liza Pizarro*, as Administrator of the Estate of Daruis M. Pizarro v. Westchester County, et al.*, No. 24 Civ. 331 (KMK) (JCM)

Dear Judge Karas:

      This Office represents the United States of America (the "Government") in the above-referenced matter. We write to request two modest modifications to the operative scheduling order. *See* ECF No. 81. First, the parties jointly request that the February 26, 2026, case management conference, as well as the associated pre-motion letter deadlines, be adjourned to a date convenient for the Court after the close of all discovery. Second, in light of developments that could not reasonably have been anticipated when the Court entered the scheduling order, the parties respectfully request a 30-day extension of the current fact-discovery deadline, which is January 13, 2026, and all subsequent discovery deadlines.

**Adjournment of the February 26 Conference and Pre-Motion Deadlines**

      Presently, the Court has scheduled a case management conference for February 26, 2026, with pre-motion letters due two weeks prior. *Id.* at 2. But in accordance with Judge Swain's Amended Standing Order, all deadlines in this action were tolled and extended for the duration of the recent shutdown—*i.e.*, for 43 days. *See* Standing Order M10-468, Case No. 25-mc-433 (LTS), ECF No. 3 (the "Standing Order"). As such, discovery is now set to close on April 27, 2026—more than two months after the Court's pre-motion letter deadlines and scheduled conference. Accordingly, the parties request that the February 26 conference, along with the corresponding pre-motion letter deadlines, be adjourned to a date convenient for the Court after the close of discovery.

**Request for a 30-Day Extension of Discovery Deadlines**

      Separately, the Government respectfully requests that the Court extend the fact-discovery deadline—and all subsequent discovery deadlines—by 30 days, notwithstanding the Court's prior admonition that there would be no further discovery extensions. *See* ECF No. 81 at 2. Good cause exists for this limited enlargement for two independent reasons: (1) the practical impact of the appropriations lapse on deposition scheduling, and (2) Plaintiff's recent disclosure of a DNA report

that she contends confirms the decedent has a child who should be a distributee of the estate.

*1. Shutdown-related disruption to deposition scheduling*

By the time the lapse in appropriations began, the parties had conducted three depositions, had scheduled seven more fact depositions of witnesses with demanding schedules, and were coordinating the scheduling of several additional depositions. But once appropriations lapsed, all of the scheduled depositions had to be canceled and all work on scheduling the remaining depositions had to stop.

Once appropriations were restored, counsel immediately began working diligently to restart and complete fact discovery. Even so, the first rescheduled deposition did not go forward until today. Based on the dates the parties have been able to secure so far, the Government anticipates that the parties will conduct at least six depositions between today and the end of the year. Fitting those examinations into the limited pre-holiday window—while accommodating the schedules of multiple counsel and non-party witnesses—has proven difficult, and there are still additional fact depositions left to be scheduled for January.

In short, even with the 43-day extension the Court has already built into the schedule, the current January 13, 2026, fact-discovery cutoff leaves very little room to complete the remaining depositions and address any follow-up document issues that may arise from those depositions—especially in light of the upcoming holidays.

*2. Plaintiff's recent disclosure of DNA results regarding an alleged child*

The second, and more consequential, development is Plaintiff's recent disclosure of a DNA report that she contends establishes that the decedent (whose estate she represents) had a biological child whose alleged losses she now intends to seek as part of the estate's damages.

Earlier in the case, Plaintiff suggested to the Government that DNA testing might, depending on the outcome, reveal the existence of a biological child. In discovery requests served in July, the Government expressly asked Plaintiff to identify "all potential distributees of Mr. Pizarro's estate, including children who may have been fathered by Mr. Pizarro"—specifically to avoid a late revelation that would compress discovery at the end of the schedule. Plaintiff objected and declined in her discovery responses to provide that information, asserting that it was "not relevant to any party's claim or defense." Informally, however, Plaintiff represented to the undersigned in September that testing conducted to that point had come back negative, but indicated that additional testing might still occur.

On November 19, 2025, Plaintiff for the first time produced a DNA test report dated October 22, 2025, that she now contends confirms that the decedent was the biological father of a minor child. She also issued supplemental discovery responses that stated the minor child is the sole distributee of the estate—rather than, as she had previously represented, herself and the decedent's father. In response to these disclosures, the Government will be serving supplemental discovery requests this week directed to Plaintiff and the mother of the alleged child. Those responses will not be due until early January. The Government cannot responsibly complete fact discovery—including the depositions of the decedent's parents and the newly disclosed mother—without first receiving and reviewing Plaintiff's responses and any related documents. Depending

on what those materials show, additional document discovery and, potentially, further fact depositions may be required.

Given the timing and content of Plaintiff's DNA-related disclosure, it is not practicable to complete that follow-on discovery within the current schedule.

*3. Proposed discovery schedule*

Under these circumstances, the Government respectfully submits that a 30-day extension of the fact-discovery deadline and all subsequent discovery deadlines is warranted. For the Court's convenience, the Government sets out below the current deadlines in ECF No. 81 (as adjusted by the Standing Order associated with the recent government shutdown) and the proposed 30-day enlargement.

| **Discovery Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| All fact discovery and fact depositions to be completed | January 13, 2026 | February 12, 2026 |
| Plaintiff's disclosure of the subject matters she anticipates will be covered by her experts | January 13, 2026 | February 12, 2026 |
| Plaintiff's disclosure of expert designations and reports | January 27, 2026 | February 26, 2026 |
| Defendants' disclosure of expert designations and reports | March 9, 2026 | April 8, 2026 |
| Plaintiff's disclosure of rebuttal expert designations and reports | April 6, 2026 | May 6, 2026 |
| Close of all discovery | April 27, 2026 | May 27, 2026 |

\* \* \*

We thank the Court for its attention to these matters. The other parties in this litigation consent to both requests. With respect to the 30-day extension request, however, we note that Plaintiff reserves the right to contest specific discovery requests related to the DNA results as irrelevant or unduly burdensome.

        Respectfully,

        JAY CLAYTON
        United States Attorney
        Southern District of New York

By:   */s/ Jeremy Liss*
        JEREMY M. LISS
        JESSICA F. ROSENBAUM
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2796/2777
        E-mail: jeremy.liss@usdoj.gov
                jessica.rosenbaum@usdoj.gov